## KENTUCKY HOUSING CORPORATION
## HARDEST HIT FUND (HHF) FIVE -YEAR
## PROMISSORY NOTE

$20,000.00                                                                                              , Kentucky

                                                                                    _____, _____

**FOR VALUE RECEIVED,** _____ ;
("borrower" whether singular or plural) jointly and severally [if more than one borrower], promises to pay to **KENTUCKY HOUSING CORPORATION** ("KHC") a de jure municipal corporation and political subdivision of the Commonwealth of Kentucky, 1231 Louisville Road, Frankfort, Kentucky 40601, its successors and assigns, the principal sum of twenty thousand and 00/100 dollars ($20,000.00, or so much thereof as may have advanced), with interest thereon at the rate of zero percent (0.00%) per annum. No payment of principal and interest shall be due under this Note so long as no event of default has occurred and is continuing under this Note or the Loan Documents (hereinafter defined). Provided no event of default has occurred and is continuing, the outstanding principal amount due under this Note shall be forgiven by KHC on the anniversary date of the Note each year, subject to the limitations in the next sentence, in an amount equal to twenty percent (20%) of the original principal amount of this Note (or so much thereof as may have been advanced). Any amounts previously forgiven by KHC will also be subject to recapture and repayment by borrower if KHC determines in its sole discretion that an event of default occurred for any such prior period(s). Any outstanding principal and accrued but unpaid interest under this Note shall be due and payable on the Maturity Date of this Note which is [five years from the date of the Note].

The undersigned will pay to KHC or the subsequent holder of this Note a late charge equal to five percent (5%) of any installment of principal or interest not received within 10 days after such installment is due.

The loan evidenced by this Note is being made from Troubled Asset Relief Program ("TARP") funds committed by the federal government to the Housing Finance Agency Innovation Fund for the Hardest Hit Housing Markets ("HHF"). Proceeds of this Note are being made available by KHC to borrower, as discussed below, to pay certain indebtedness secured by borrower's principal residence (which is also the property described on the Mortgage).

Provided (i) no event of default has occurred and is continuing, and/or (ii) borrower remains unemployed and continues to be eligible for assistance under the Terms and Conditions (defined below), KHC will disburse proceeds of this Note on borrower's behalf each month, for a period of up to twelve (12) months from the date of this Note in an amount <u>not to exceed</u> twenty thousand and 00/100 dollars ($20,000.00), directly to borrower's first, and if applicable, second mortgage loan servicer for the sole purpose of making borrower's required monthly mortgage loan payment(s) to such loan servicer(s), including principal, interest, taxes and insurance. Although this Note provides for future disbursements by KHC, it is non-revolving so that once funds have been disbursed by KHC, any repayment of the outstanding principal of this Note will not be available to borrower for additional advances. The total amount actually disbursed by KHC may be <u>LESS</u> than $20,000.00. After KHC disburses the final payment(s) on borrower's behalf under this Note, KHC will send a statement to borrow at borrower's address for the property described in the Mortgage setting forth the total amounts disbursed or advanced by KHC under this Note. Provided, however, that borrower acknowledges that KHC is sending the aforementioned statement as an accommodation to borrower, and borrower is obligated to KHC under this Note even if borrower does not receive such statement for any reason.

If (1) any installment of interest or the payment of principal remains unpaid for more than 10 days after the due date thereof (without any further demand or notice), (2) the borrower should be the subject of any voluntary or involuntary bankruptcy, receivership or other insolvency proceeding, (3) the borrower fails to observe or perform any of the terms of this Note, (4) there is any default by borrower under the Loan Documents or any other document, instrument or agreement providing any security for this Note,

1

(5) the property described in the Mortgage is sold, transferred or further encumbered without KHC's prior written consent prior to the Maturity Date of this Note, (6) there is a default by borrower under this or any other indebtedness, liability or obligation to KHC, whether direct, contingent, absolute, joint or several, or heretofore or hereafter incurred, and whether or not the incurrence of same was reasonably foreseeable, (7) borrower fails to occupy, establish and use the property described in the Mortgage as borrower's principal residence (or at least one borrower, if initially more than one person are borrowers), (8) there is a default by borrower under any other loan, indebtedness, liability or obligation to another party that is secured by the property described in the Mortgage, (9) borrower submits incomplete, false or misleading information to KHC prior to or subsequent to the date of this Note, or (10) borrower violates any procedural requirements, terms and/or restrictions of KHC's HHF program, then, in any of those events, KHC or the holder of this Note may declare the remaining principal balance of this Note (or so much thereof as may have been advanced) and any amount previously forgiven by KHC which is subject to recapture and repayment to be immediately due and payable. In the event of a default under this Note, interest shall accrue on the entire unpaid balance at the rate of five (5%) per annum from the date an event of default is declared until the default is cured.

Any waiver of any default hereunder or under the instruments securing this Note at any time will not, at any other time, constitute a waiver of the terms of this Note or the instruments securing it, and the acceptance of payments upon the indebtedness evidenced hereby will not constitute a waiver of the option of KHC or the holder of this Note to accelerate repayment of the entire unpaid balance, unless KHC or the holder expressly grants such waiver in writing.

This Note evidences indebtedness incurred under, and is subject to the terms and provisions of, KHC's HHF program and the HHF program terms and conditions ("Terms and Conditions"), and this Note is expressly subject to and will be bound by the terms and conditions set forth in such Terms and Conditions as if all of such terms and conditions were expressly set forth herein.

This Note is also secured by and is the same Note mentioned in a Mortgage executed in favor of KHC by borrower (together with the Terms and Conditions collectively referred to herein as the "Loan Documents"), and this Note is expressly made subject to and will be bound by the terms and conditions set forth in such instruments as if all of such terms and conditions were expressly set forth herein.

The borrower and all persons now or hereafter liable, whether primarily or secondarily, for the whole or any part of the indebtedness evidenced by this Note jointly and severally:

(a) agree to remain and continue to be bound for the payment of the principal of and interest on this Note notwithstanding any extension or extensions of time of the payment of said principal or interest, or any change or changes by way of release or surrender of any collateral, real or personal, held as security for the payment of this Note, and waive all and every kind of notice of such extension or extensions, change or changes and agree that the same may be made without the joinder of any such persons;

(b) waive presentment, notice of dishonor, protest, notice of protest and diligence in collection and all exemptions, whether homestead or otherwise, to which they or any of them may now or hereafter be entitled under the laws of the Commonwealth of Kentucky or any other state;
and

(c) agree, upon default, to pay all costs of collection, securing or attempting to collect or secure this Note, including reasonable attorneys' fees, whether same be collected or secured by suit or otherwise, providing the collection of such costs and fees is permitted by applicable law.

This Note may only be assumed with KHC's prior written consent, which may be withheld by KHC in its sole discretion. All terms and conditions of the Note and Loan Documents will remain in full force and effect for any permitted successor in interest to borrower. Any permitted successor in interest to borrower will assume all duties and obligations under the Note and Loan Documents.

This Note may be assigned in whole or in part by KHC or any other holder hereof.

This Note will be governed by and construed in accordance with the laws of the Commonwealth of Kentucky.

WAIVER OF JURY TRIAL. THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR ANY OF THE CONTEMPLATED TRANSACTIONS, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. THE PARTIES AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED-FOR AGREEMENT AMONG THE PARTIES IRREVOCABLY TO WAIVE TRIAL BY JURY AND THAT ANY PROCEEDING WHATSOEVER BETWEEN THEM RELATING TO THIS NOTE OR ANY OF THE CONTEMPLATED TRANSACTIONS SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

Borrower:

_____

_____
Printed Name

_____

_____
Printed Name

# KENTUCKY HOUSING CORPORATION
# HARDEST HIT FUND (HHF) FIVE-YEAR
# MORTGAGE

THIS REAL ESTATE MORTGAGE, entered into this day of
\_, by and between _____

("Mortgagor," whether singular or plural), unmarried, whose address is County, Kentucky and KENTUCKY HOUSING CORPORATION, a de jure municipal corporation and political subdivision of the Commonwealth of Kentucky (Mortgagee), whose address is 1231 Louisville Road, Frankfort, Franklin County, Kentucky 40601.

## WITNESSETH:

WHEREAS, Mortgagor is indebted to Mortgagee for monies loaned or to be loaned to Mortgagor, as evidenced by a promissory note ("Note") of even date herewith with a principal sum up to a maximum of twenty thousand and 00/100 dollars ($20,000.00) with interest thereon at the rate per annum provided in the Note, payable to the order of Mortgagee ("Obligations"). The maturity date of the Note is \_.

WHEREAS, Mortgagor has received funds from Mortgagee for mortgage payment assistance through the Troubled Asset Relief Program ("TARP") funds committed to the Housing Finance Agency Innovation Fund for the Hardest Hit Housing Markets ("HHF").

NOW, THEREFORE, in order to secure payment of the Note or any renewal or extensions thereof, interest due thereon and all other obligations of Mortgagor as provided herein Mortgagor hereby grants and conveys and mortgages unto Mortgagee, with covenant of General Warranty, all of Mortgagor's right title and interest in and to the real property situated in \_ _____, _____ _____ \_ County, Kentucky, as described on Exhibit A attached hereto and made a part hereof, together with all rents, profits, appurtenances and improvements thereunto belonging ("Premises").

Mortgagor warrants that Mortgagor is lawfully seized of the estate hereby conveyed and has the full right and power to grant, convey and mortgage the same, and that the Premises is free and clear of all encumbrances except: (i) the lien of all ad valorem taxes not yet due and payable; (ii) any and all applicable zoning rules and regulations affecting the Premises; (iii) all easements, restrictions and stipulations of record affecting the Premises, and (iv) any mortgages and/or liens of record which are prior and superior to this Mortgage, which mortgages have been approved by Mortgagee.

Mortgagor covenants and agrees that until the Note has been fully paid and satisfied, Mortgagor will comply with the following conditions and covenants:

Insurance. Mortgagor will keep all improvements on the Premises insured against loss or damage under a fire and extended coverage insurance policy issued by an insurance company or companies

acceptable to Mortgagee, in such amount as Mortgagee may require or to the extent of the full insurable value of the improvements, making such policy payable under a standard mortgage clause to Mortgagee as its interests may appear Should Mortgagor fail to obtain or to keep in force such insurance or to pay the premiums on any policies covering the Premises, Mortgagee may obtain such insurance and pay the premium or pay any premiums which are due on such policies, and any sum so paid will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until paid at a rate of twelve percent (12%) per annum. Mortgagor will deliver to Mortgagee not later than ten (10) days before the expiration of any such insurance policy, a renewal of such policy.

Taxes. Mortgagor will promptly pay all taxes, assessments, liens, judgments and charges now levied or hereafter levied against the Premises, and should Mortgagor fail promptly to pay any such taxes, assessments, liens, judgments or charges, Mortgagee may pay such tax, assessment, lien, judgment or charge, and any sums so paid will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until paid at a rate of twelve percent (12%) per annum.

Maintenance and Repair. Mortgagor will keep the improvements on the Premises in good repair and condition and will not suffer waste thereto until the Note has been fully paid and performed, and will promptly repair or replace any of such improvements. Should Mortgagor fail to comply with this covenant, Mortgagee may cause such repairs or replacements to be effected and any cost so incurred will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until paid at a rate of twelve percent (12%) per annum.

Prohibition on Transfer and Further Encumbrance. During the time that any of the Obligations secured by this Mortgage have not been satisfied or paid in full, any sale, transfer or voluntary encumbrance of all or any part of the Premises herein conveyed, without the written consent of Mortgagee, will be deemed an event of default and Mortgagee shall have the option to declare, without notice, the entire indebtedness immediately due and payable and to proceed to enforce the lien securing it. Upon such sale or transfer of the Premises by Mortgagor or any subsequent owner during the existence of the indebtedness hereby secured, Mortgagee, at Mortgagee's option, and as a condition for giving approval to such sale or transfer, will have the right to charge additional interest on the then unpaid balance due on the Note secured by this Mortgage in an amount equal to the average prevailing interest rate on first mortgages charged by lending institutions in the county where the Premises is located.

Occupancy, Mortgagor's Loan Application. Mortgagor shall occupy, establish, and use the Premises as Mortgagor's principal residence after the execution of this Mortgage and Mortgagor (or at least one Mortgagor, if initially more than one person are Mortgagors) shall continue to occupy the Premises as Mortgagor's principal residence for the term of the Mortgage.

Mortgagor shall also be in default if Mortgagor, during the loan application process, gave materially false or inaccurate information or statements to Mortgagee (or failed to provide Mortgagee with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Mortgagor's occupancy of the Premises as a principal residence.

Compliance with HHF Program Guidelines. Mortgagor must abide by all terms and conditions of Mortgagee's HHF Program in order to be and remain eligible for assistance thereunder. The required terms and conditions are set forth on a separate Hardest Hit Fund Terms and Conditions ("Terms and Conditions") document which is issued concurrently to Mortgagor with the execution of this Mortgage. All of the terms, covenants, provisions, conditions, stipulations and agreements contained in the Terms and Conditions document are hereby made a part of this Mortgage, to the same extent and with the same force and effect as if they were fully set forth herein. Mortgagor covenants and agrees to perform the same or cause the same to be kept and performed, strictly in accordance with the terms and conditions thereof. If Mortgagor fails to abide by any of those terms and conditions, Mortgagor may be terminated from the HHF Program and the Note will become immediately due and payable.

Events of Default and Remedies. In the event Mortgagor (a) fails to pay any such tax, assessment, lien, judgment or charge, or pay any insurance premium within fifteen (15) days after the same becomes payable, or (b) fails within ten (10) days after notice of noncompliance of any other provision of this Mortgage to promptly cure such noncompliance, or (c) permits a suit to be instituted against Mortgagor for the enforcement of any lien or other encumbrance against the Premises, or (d) becomes the subject of any voluntary or involuntary bankruptcy, receivership or other insolvency proceeding, or (e) fails to pay the Note or any installment thereof when due, or within any applicable grace period provided in the Note, or (f) fails to observe or perform any of the HHF Terms and Conditions, or (g) sales, transfers, or voluntarily encumbers all or any part of the Premises without the written consent of Mortgagee, or (h) fails to occupy the Premises as Mortgagor's principal residence, or (i) fails to observe or perform any of the other terms of the Note, or (j) gave materially false or inaccurate information or statements to Mortgagee during the loan application process (or failed to provide Mortgagee with any material information) in connection with the loan evidenced by the Note, then in any of such cases, an event of default will have occurred ("Event(s) of Default"). If an Event of Default occurs, Mortgagee may, without notice, declare all indebtedness hereby secured to be immediately due and may forthwith enforce the lien of this Mortgage; and in any such case, Mortgagee may forthwith enter on the Premises, rent it out and collect and apply the rents and profits thereof first to the payment of a reasonable compensation to Mortgagee, including attorney's fees for its service and all costs of collection, and next to the satisfaction of the Obligations secured by this Mortgage, and such compensation and fees will become a part of the Obligations secured by this Mortgage.

Defense of Lien. If Mortgagee is required to appear in any court or tribunal to defend the title or possession of the Premises, or the lien thereon, or to protect the Note or any of the other obligations secured hereby, Mortgagor or its successors in interest will pay all of the costs and expenses of such appearances, including a reasonable attorney's fee, and all such costs, expenses and attorney's fees will be part of the obligation secured hereby and will be paid by Mortgagor or its successors in interest on demand, with interest from the date such costs, expenses and attorneys fees are incurred, at a rate of twelve percent (12%) per annum.

Appointment of Receiver. In the event Mortgagee files an action to foreclose this Mortgage lien, Mortgagee will be entitled to the appointment of a receiver to take care of the Premises, to collect the rents, issues and profits, to keep the Premises in good repair and to apply the rents, issues and profits to the payment of the obligations secured hereby.

Non-waiver of Default. The failure or delay of Mortgagee to exercise any of its options herein provided due to any default in the payment or performance of any of the obligations secured hereby will not constitute a waiver of the right to exercise such option due to any subsequent default. Time shall be of the essence in the payment of any amounts due under the Note secured by this Mortgage and in the performance of Mortgagee's other obligations hereunder.

Assignment of Note. If Mortgagee assigns, endorses or otherwise transfers the Note, payment and performance of the obligations secured hereby will be made to and for the benefit of the holder of the Note, and the options, rights and remedies herein provided for Mortgagee may be exercised by such holder.

Payment of Attorney's Fees. If an Event of Default occurs, Mortgagor will pay all reasonable attorney's fees incurred by Mortgagee in enforcing this Mortgage.

Inspection. Mortgagee may make or cause to be made reasonable entries upon and inspections of the premises related to Mortgagee's interest in the premises, provided that Mortgagee shall give Mortgagor notice prior to any such inspection.

Waiver of Homestead. Mortgagor hereby waives all right of homestead exemption in the Premises.

Future Advances: Line of Credit. In accordance with KRS 382.520, it is acknowledged and agreed that this Mortgage secures not only the initial advances under the Note or Notes evidencing part of the Obligations but also all future advances and all other additional indebtedness, whether direct, indirect, future, contingent, or otherwise, connected with or arising out of the Note or Mortgage. To the extent that the indebtedness evidenced by the Note or Notes evidencing part of the Obligations or any of the other obligations are deemed to be a "line of credit" pursuant to KRS 382.385, Mortgagor and Mortgagee intend that this Mortgage secure the line of credit, and the maximum credit limit of the line of credit which may be outstanding at any time or times and which is to be secured by this Mortgage is not more than twenty thousand and 00/100 dollars ($20,000.00). It shall be a default under this Mortgage if Mortgagor requests a release, in the manner provided by KRS 382.520 and/or KRS 382.385, of any portion of the lien securing the additional indebtedness or line of credit prior to the date that all of the Obligations have been paid and the Note or Mortgage have been terminated, and Mortgagor hereby waives any and all right to request such a release to the maximum extent permitted by law.

Should Mortgagor pay and perform all the obligations secured hereby, then this conveyance will be void, and in that event, Mortgagee will, at the request and cost of Mortgagor, release this Mortgage.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

IN TESTIMONY WHEREOF, witness the signature of Mortgagor as of the day and year first above written.

_____                    _____
Mortgagor's Signature                        Co-Mortgagor's Signature


_____                    _____
Mortgagor's Printed Name                     Co-Mortgagor's Printed Name



COMMONWEALTH OF KENTUCKY )
                         ) SS:
COUNTY OF _____ )


The foregoing instrument was acknowledged before me this _____ day of _____, 20___ by _____ and _____, the Mortgagor(s) stated above.

My commission expires: _____.


                                    _____
                                    Notary Public

This Instrument Prepared By:

_____

EXHIBIT A

LEGAL DESCRIPTION